**Opinion issued October 26, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00320-CV

———————————

## IN THE MATTER OF A.L.C., A Juvenile

———————————

**On Appeal from the 315th District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-01085J**

———————————

## MEMORANDUM OPINION

The trial court entered a judgment on March 2, 2023, finding that appellant A.L.C., a juvenile, engaged in delinquent conduct. No post-judgment motions were filed. A.L.C. filed a motion for extension of time to appeal on April 19, 2023, and a notice of appeal on April 27, 2023, attempting to appeal the final judgment. Because the appeal is untimely, we dismiss it.

Generally, a notice of appeal is due within 30 days after the final judgment is signed. *See* TEX. R. APP. P. 26.1; *see also* TEX. FAM. CODE § 56.01(b) (requirements governing appeal from juvenile court order "are as in civil cases generally"). The notice-of-appeal deadline may be extended if the party files a notice of appeal in the trial court and a motion for extension of time in the court of appeals within 15 days after the filing deadline for a notice of appeal. *See* TEX. R. APP. P. 26.3. The deadline may also be extended to 90 days after the date the judgment is signed if, within 30 days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a); TEX. R. CIV. P. 329b.

Here, appellant's motion for extension of time was untimely and so was his notice of appeal. Appellant's judgment was signed on March 2, 2023, making his notice of appeal due by April 3, 2023.[1] Appellant filed his motion for extension of time on April 19, 2023, which is 16 days after his deadline to appeal and outside of the 15-day window provided by Rule 26.3. *See* TEX. R. APP. P. 26.3. Appellant's notice of appeal was filed on April 27, 2023, which is 24 days after it was due. *See*

---

[1] Thirty days after the final judgment would be April 1, 2023, a Saturday so the deadline became April 3, 2023. *See* TEX. R. APP. P. 4.1(a) ("The last day of the period is included, but if that day is a Saturday, Sunday, or legal holiday, the period extends to the end of the next day that is not a Saturday, Sunday, or legal holiday.").

TEX. R. APP. P. 26.1, 26.3. Absent a timely filed notice of appeal, our Court lacks jurisdiction over this appeal. *See* TEX. R. APP. P. 25.1(b); *Jarrell v. Bergdorf*, 580 S.W.3d 463, 466 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

On October 12, 2023, our Court notified appellant that his appeal was subject to dismissal. *See* TEX. R. APP. P. 42.3(a) (requiring 10 days' notice to all parties before dismissing for lack of jurisdiction). Appellant responded, acknowledging the notice of appeal was untimely.[2]

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Landau, and Farris.

---

[2] Appellant's appointed counsel also filed an *Anders* brief, stating that, in his professional opinion, there are no non-frivolous issues to assert because the untimely notice of appeal deprives the Court of jurisdiction. *See Anders v. California*, 386 U.S. 738, 744 (1967).